**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

DAVID KURTANIDZE,               :    Case No. 23-cv-8716 (PAE)
                                   :

                 *Plaintiff*,    :

              - v -       :

MIZUHO BANK, LTD.,         :
                                   :

                *Defendant*.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT

---

EPSTEIN BECKER & GREEN, P.C.
875 Third Avenue
New York, NY 10022
Tel: (212) 351-4620

*Attorneys for Defendant*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................... iii

PRELIMINARY STATEMENT ...................................................................................... 1

SUMMARY OF ALLEGATIONS ................................................................................... 3

ARGUMENT .................................................................................................................... 4

I.   Plaintiff's Claims of Race and National Origin Discrimination and Retaliation in Violation of 42 U.S.C. § 1981, the NYSHRL, and the NYCHRL Should be Dismissed *in Total* Pursuant to F.R.C.P. § 12(b)(6) .................................................................................................... 4

   A.   Plaintiff fails to plead adequate facts to support a claim of race discrimination in violation of 42 U.S.C. § 1981, requiring dismissal of his first cause of action. ................................. 5

   B.   Plaintiff's second cause of action for retaliation in violation of 42 U.S.C. § 1981 should be dismissed because he has failed to plead sufficient facts indicating that he engaged in a protected activity, or that there is a causal connection between protected activity and any adverse employment action. ....................................................................................... 8

   C.   Plaintiff's third cause of action for race and national original discrimination and retaliation under the NYSHRL and NYCHRL should be dismissed in its entirety on various grounds. ...................................................................................................................... 11

II.  Plaintiff's Fourth Cause of Action for Familial Status Discrimination and Retaliation and His Fifth Cause of Action for Caregiver Status Discrimination and Retaliation Under the NYSHRL and the NYCHRL Should be Dismissed On Various Grounds ........................... 13

III. Plaintiff's Sixth Cause for Gender Discrimination and Retaliation Under the NYSHRL and the NYCHRL Should be Dismissed in its Entirety Pursuant to Rule 12(b)(6) on Multiple Grounds ..................................................................................................................... 16

IV.  Plaintiff's Seventh Cause of Action for Discrimination and Retaliation in Violation of the FMLA and Eighth Cause of Action for Interference in Violation of the FMLA Should be Dismissed For Various Reasons ..................................................................................... 17

   A.   Plaintiff's claims of alleged discrimination and retaliation for invoking his FMLA rights should be dismissed insofar as they (a) fail to state a claim under the FMLA and (b) are also based on alleged actions that, as pled, fall outside the statute of limitation .............. 17

   B.   Plaintiff's FMLA "interference" claims should be dismissed because the Complaint makes clear that they are barred by the statute of limitation ........................................................ 19

V.   Plaintiff's Ninth Cause of Action for Disability Discrimination and Retaliation in Violation of the NYSHRL and the NYCHRL Should be Narrowed to Only Those Factual Allegations That Fall Within the Statutes of Limitation ...................................................................... 20

VI.  Plaintiff's Tenth Cause of Action for Breach of Contract Should be Dismissed Because Plaintiff has Pleaded No Facts in Support of This Claim ..................................................... 21

i

VII. Plaintiff's Eleventh Cause of Action for Retaliation in Violation of the New York Labor Law is Non-Cognizable and, in Any Event, Barred by the Statute of Limitation ......................... 22

CONCLUSION ................................................................................................................... 23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Smith*,
2010 WL 3522310 (N.D.N.Y. Sept. 1, 2010) ........................................................................21

*Alie v. NYNEX Corp.*,
158 F.R.D. 239 (E.D.N.Y. 1994) ............................................................................................4

*Anderson v. Conboy*,
156 F.3d 167 (2d Cir. 1998).....................................................................................................9

*Arnold v. Rsch. Found. for State Univ. of New York*,
216 F. Supp. 3d 275 (E.D.N.Y. 2016) ............................................................................17, 18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................................8

*Avent v. Progressive Cas. Ins. Co.*,
2021 WL 168500 (S.D.N.Y. Jan. 19, 2021) ............................................................................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................................6

*Bentley, Jr. v. Mobil Gas Station*,
599 F. App'x 395 (2d Cir. 2015) ..............................................................................................6

*Benzinger v. Lukoil Pan Americas*,
LLC, 447 F. Supp. 3d 99 (S.D.N.Y. 2020) ...........................................................................15

*Berman v. Sugo LLC*,
580 F. Supp. 2d 191 (S.D.N.Y. 2008)....................................................................................21

*Chamberlin v. Principi*,
247 F. App'x 251 (2d Cir. 2007) ......................................................................................15, 19

*Chertkova v. Conn. Gen. Life Ins. Co.*,
92 F.3d 81 (2d Cir.1996)...........................................................................................................6

*Clarke v. Metro. Museum of Art*,
2017 WL 6398339 (S.D.N.Y. Nov. 21, 2017).......................................................................10

*Cody v. Cnty. of Nassau*,
345 F. App'x 717 (2d Cir. 2009) ......................................................................................15, 19

*Cooper v. Templeton*,
  629 F. Supp. 3d 223 (S.D.N.Y. 2022), *aff'd sub nom.*, *Cooper v. Franklin Templeton Invs.*, 2023 WL 3882977 (2d. Cir. 2023) ....................................................7

*CreditSights, Inc. v. Ciasullo*,
  No. 05 CV 9345(DAB), 2008 WL 4185737 (S.D.N.Y. Sept. 5, 2008) ..................................21

*Daniels v. Am. Airlines Inc.*,
  2022 WL 493573 (E.D.N.Y. Feb. 17, 2022)........................................................................22

*Darboe v. Staples, Inc.*,
  243 F. Supp. 2d 5 (S.D.N.Y. 2003) ...................................................................................20

*DeAngelo v. Yellowbook Inc.*,
  105 F. Supp. 3d 166 (D. Conn. 2015).................................................................................17

*Dechberry v. New York City Fire Dep't*,
  124 F. Supp. 3d 131 (E.D.N.Y. 2015) .................................................................................5

*Dejesus v. HF Mgmt. Servs., LLC*,
  726 F.3d 85 (2d Cir. 2013)...........................................................................................12, 21

*Filippi v. Elmont Union Free Sch. Dist. Bd. of Educ.*,
  2012 WL 4483046 (E.D.N.Y. Sept. 27, 2012) ..............................................................11, 13

*Fukelman v. Delta Air Lines, Inc.*,
  2020 WL 4587496 (E.D.N.Y. Apr. 13, 2020) ......................................................................10

*Gomez v. City of New York*,
  2014 WL 4058700 (S.D.N.Y. Aug. 14, 2014)........................................................................8

*HB v. Monroe Woodbury Cent. Sch. Dist.*,
  2012 WL 4477552 (S.D.N.Y. Sept. 27, 2012).......................................................................4

*Henry v. NYC Health & Hosp. Corp.*,
  18 F. Supp. 3d 396 (S.D.N.Y. 2014)...................................................................................10

*Juillet v. City of New York*,
  180 N.Y.S.3d 840 (Sup. Ct. N.Y. Co. 2022) ......................................................11, 13, 16, 20

*Jute v. Hamilton Sundstrand Corp.*,
  420 F.3d 166 (2d Cir. 2005)................................................................................................9

*Kupferstein v. TJX Companies, Inc.*,
  2017 WL 590324 (E.D.N.Y. Feb. 14, 2017)..........................................................................8

*Lopez v. Bay Shore Union Free Sch. Dist.*,
  668 F. Supp. 2d 406 (E.D.N.Y. 2009) ..................................................................................5

*Masri v. Thorsen*,
2020 WL 1489799 (S.D.N.Y. Mar. 27, 2020) ........................................................5

*McKinney v. New York*,
2022 WL 602970 (S.D.N.Y. Mar. 1, 2022) ..........................................................15

*McNamara v. City of Long Beach*,
249 F. Supp. 3d 684 (E.D.N.Y. 2017) .................................................................14

*Mingues v. Nelson*,
2004 WL 324898 (S.D.N.Y. Feb. 20, 2004) ..........................................................8

*Moore v. Metro. Transp. Auth.*,
999 F. Supp. 2d 482 (S.D.N.Y. 2013) ..............................................11, 13, 16, 20

*Nichols v. BAC Home Loans Servicing LP*,
2013 WL 5723072 (N.D.N.Y. Oct. 18, 2013) .....................................................22

*Nieblas-Love v. New York City Hous. Auth.*,
165 F. Supp. 3d 51 (S.D.N.Y. 2016) .....................................................................9

*Offor v. Mercy Med. Ctr.*,
676 F. App'x 51 (2d Cir. 2017) .....................................................................18, 20

*Roberts v. Health Ass'n*,
308 F. App'x 568 (2d Cir. 2009) ..........................................................................17

*Saudagar v. Walgreens Co.*,
2019 WL 498349 (S.D.N.Y. Feb. 8, 2019) ............................................................4

*Sealy v. Hertz Corp.*,
688 F. Supp. 2d 247 (S.D.N.Y. 2009) ....................................................................6

*Shultz v. Congregation Shearith Israel of City of New York*,
867 F.3d 298 (2d Cir. 2017) .................................................................................19

*Smith v. New York & Presbyterian Hosp.*,
440 F. Supp. 3d 303 (S.D.N.Y. 2020) .............................................................12, 21

*Stinnett v. Delta Air Lines, Inc.*,
2019 WL 1493224 (E.D.N.Y. Mar. 31, 2019), *aff'd*, 803 F. App'x 505 (2d
Cir. 2020) ...............................................................................................................5

*TC v. Valley Cent. Sch. Dist.*,
777 F. Supp. 2d 577 (S.D.N.Y. 2011) ....................................................................4

*Vega v. Hempstead Union Free Sch. Dist.*,
801 F.3d 72 (2d Cir. 2015) ...................................................................................15

*Velasquez v. Goldwater Mem'l Hosp.*,
    88 F. Supp. 2d 257 (S.D.N.Y. 2000) ...................................................................................... 11

*Wang v. Palmisano*,
    51 F. Supp. 3d 521 (S.D.N.Y. 2014) ...................................................................................... 11

*Winston v. City of New York*,
    2013 WL 4516097 (E.D.N.Y. Aug. 23, 2013) ...................................................................... 10

*Wolff v. Rare Medium, Inc.*,
    171 F. Supp. 2d 354 (S.D.N.Y. 2001) .................................................................................... 21

**Statutes**

42 U.S.C. § 1981 .................................................................................................................. *passim*

Family and Medical Leave Act .............................................................................................. *passim*

N.Y. Lab. Law § 196-b ............................................................................................................ 22

N.Y. Lab. Law § 215 ................................................................................................................ 22

New York City Human Rights Law ...................................................................................... *passim*

New York State Human Rights Law ..................................................................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................ *passim*

## PRELIMINARY STATEMENT

More than two years after his employment with Mizuho Bank, Ltd. ("Mizuho") ended in April 2021, Plaintiff, David Kurtanidze ("Plaintiff"), has decided to claim that, while employed by Mizuho, he was subjected to nearly all conceivable forms of purported discrimination and an array of other violations of law. In his original Complaint, Plaintiff—a frequent litigant in recent years[1]— claimed that he was mistreated because he is of Georgian national origin, because he allegedly sought to take paternity and caregiver leave, because he allegedly suffered from a strained wrist as the result of being "overworked," and because he contracted COVID-19.[2] Hedging his bets, in his Amended Complaint (*see* ECF #23), Plaintiff now alleges that he *also* suffered race and gender discrimination (Plaintiff is a white male), and has added a breach of contract cause of action to his potpourri of claims as well.

For many of the same reasons detailed in the motion to dismiss Plaintiff's original Complaint (*see* ECF #15), nearly all of Plaintiff's claims (including his newly asserted claims) should be dismissed, either because they are time-barred on their face and/or are subject to dismissal as a matter of law for various other fundamental flaws:

1.    Despite amending his pleading to assert new claims of "race" discrimination and retaliation under 42 U.S.C. § 1981 (Plaintiff previously asserted only "national origin" claims under this statute), all of Plaintiff's claims pursuant to this statute should still be dismissed pursuant

---

[1] *See e.g.*, *77 Second LLC v. David Kurtanidze* (N.Y. Sup. Ct., Index No.: 655366/2018); *Fresh Press Café, LLC v. 77 Second LLC* (N.Y. Sup. Ct., Index No.: 805/2018); *Capital One National Association v. Kurtan LLC and David Kurtanidze* (N.Y. Sup. Ct., Index No.: 501203/2019); *77 Second LLC v. David Kurtanidze* (N.Y. Sup. Ct., Index No.: 657601/2019); *Cavalry SPV I, LLC v. David Kurtanidze* (N.Y. Sup. Ct., Index No.: 521082/2020); *JPMorgan Chase Bank, N.A., v. David Kurtanidze* (N.J. Super. Ct., Dkt No. ESX-L-007489-20).

[2] Plaintiff attempted to maximize the disruption engendered by his outrageous claims by attempting to embroil three individual foreign nationals in this dispute—but has now withdrawn those claims in the face of Defendants' original Motion to Dismiss (*see* ECF #15), which pointed out, *inter alia*, that none of these individuals had been duly served.

to Rule 12(b)(6) because Plaintiff failed to plead sufficient facts that would support a claim for race discrimination and retaliation.

2.      Plaintiff's claims of race and national origin *discrimination* under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") should be dismissed pursuant to Rule 12(b)(6) because, among other grounds, these claims are barred by the statutes of limitation. Plaintiff's claims of race and national origin *retaliation* under these statutes should likewise be dismissed because Plaintiff does not plead sufficient facts indicating that he engaged in any "protected activity" relating to his race or national origin.

3.      Plaintiff's claims of "familial status," "caregiver status," and gender discrimination and retaliation under the NYSHRL and the NYCHRL should be dismissed pursuant to Rule 12(b)(6) because: (a) the discrimination claims are time barred; (b) other than the termination of Plaintiff's employment in April 2021, all of the purported retaliatory acts alleged in the Amended Complaint are similarly time barred, and (c) insofar as Plaintiff's retaliation claim is based on the termination of Plaintiff's employment, it is non-cognizable as a matter of law.

4.      Plaintiff's claims of discrimination, retaliation, and interference under the Family and Medical Leave Act ("FMLA") should be dismissed pursuant to Rule 12(b)(6) because (a) Plaintiff fails to state a *prima facie* claim of discrimination or retaliation under the FMLA, and (b) the interference claim is based on alleged actions that, as pled, fall outside the statute of limitation.

5.      Plaintiff's claims of disability discrimination and retaliation in violation of the NYSHRL and the NYCHRL should be partially dismissed and narrowed to the alleged events that fall within the applicable statutes of limitation.

6.     Plaintiff's new cause of action for breach of contract should be dismissed pursuant to Rule 12(b)(6) because Plaintiff fails to plead facts sufficient to identify a contract, much less that Mizuho breached any such contract.

7.     Finally, Plaintiff's modified cause of action for retaliation in violation of the Labor Law should be dismissed pursuant to Rule 12(b)(6) because it (a) fails to state a cognizable claim, and (b) in any event, is time barred.

## **SUMMARY OF ALLEGATIONS[3]**

Plaintiff was born in the country of Georgia. (Amended Complaint ¶ 7.) He was employed at Mizuho as a Vice President in the Finance Change Group from January 2017 through April 2021. (*Id*.) In the Spring of 2019, Plaintiff, expecting a third child, asserts that he met with his manager, Satoshi Kinoshita, and "requested to take a leave of more than eight weeks to care for his children." (*Id*. ¶ 28.) Mr. Kinoshita purportedly denied the request and "suggested that Plaintiff confirm with Human Resources that only the mother is the primary caregiver." (*Id*. ¶ 29.) After Plaintiff's child was born on June 18, 2019, Plaintiff asserts that he "emailed Human Resources to request an extended unpaid leave under the FMLA to care for his children and disabled father." (*Id*. ¶¶ 30-31.) Plaintiff alleges that the request to care for his children was denied because Plaintiff, a male, could not be the primary caregiver of his children, and that Human Resources did not respond to his request to care for his father. (*Id*. ¶ 31.)

Upon Plaintiff's return from paternity leave, he was purportedly treated in a "hostile and disrespectful" manner by Mr. Kinoshita, claiming that his work responsibilities were diminished, he was denied a promotion opportunity, and he was denied the opportunity to transfer to a different

---

[3] Plaintiff's allegations and factual timeline are accepted as true and accurate as warranted for purposes of this motion to dismiss only.

group—allegedly in retaliation for taking paternity leave and because he is "not Japanese." (*Id.* ¶¶ 31-48.) In or around September 2019, Mr. Kinoshita was replaced by Jumpei Yoshida as the leader of Plaintiff's team. (*Id.* ¶¶ 40-42.) Significantly, all of the factual allegations regarding Plaintiff's purported mistreatment due to his requests to take paternity/caregiver leave and his being "not Japanese" begin in April 2018 and end in "early 2020." (*Id.* ¶¶ 19-59, 64-70.)

Plaintiff also alleges that Mizuho denied his requests to accommodate his strained wrist in late 2018, December 2019, February 2020, April 2020, and early 2021 and that he was denied sick days in March 2021 when he contracted COVID-19. (*Id.* ¶¶ 25, 60-63, 71-72, 74-75, 77-86.) Mizuho terminated Plaintiff's employment on April 6, 2021. (*Id.* ¶ 87.)

Plaintiff filed this action in New York State Supreme Court more than two years later, on August 8, 2023. (*See* ECF #1-1.)

## **ARGUMENT**

I. **Plaintiff's Claims of Race and National Origin Discrimination and Retaliation in Violation of 42 U.S.C. § 1981, the NYSHRL, and the NYCHRL Should be Dismissed *in Total* Pursuant to F.R.C.P. § 12(b)(6)**

"In order to survive a motion to dismiss, a complaint asserting a civil rights violation 'must make *specific factual allegations* indicating a deprivation of rights.'" *Alie v. NYNEX Corp.*, 158 F.R.D. 239, 243 (E.D.N.Y. 1994) (emphasis added); *citing Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988); *see also HB v. Monroe Woodbury Cent. Sch. Dist.*, 2012 WL 4477552, at *14 (S.D.N.Y. Sept. 27, 2012). That applies *a fortiori* to allegations purporting to justify an inference of discriminatory or retaliatory animus, which must be pleaded with particularity. *See TC v. Valley Cent. Sch. Dist.*, 777 F. Supp. 2d 577, 595 (S.D.N.Y. 2011) ("Second Circuit precedent requires that the allegations of racial animus be pled with particularity."); *Saudagar v. Walgreens Co.*, 2019 WL 498349, at *10 (S.D.N.Y. Feb. 8, 2019) (dismissing claims because the complaint "fail[ed] to provide the requisite particularized

allegations to state a claim for discrimination"); *Masri v. Thorsen,* 2020 WL 1489799, at *8 (S.D.N.Y. Mar. 27, 2020) ("[C]ourts in the Second Circuit have found that discriminatory animus is adequately alleged when particularized facts are pled."); *Lopez v. Bay Shore Union Free Sch. Dist.*, 668 F. Supp. 2d 406, 414 (E.D.N.Y. 2009) ("[T]his Circuit continues to require that racial animus be plead with particularity.").

Further, each of the Plaintiff's claims—whether asserted under 42 U.S.C. § 1981 ("Section 1981"), the NYSHRL, or the NYCHRL—requires that the specific facts pleaded, if true, would warrant an inference of discriminatory or retaliatory animus underlying the claimed adverse employment actions.[4] *Stinnett v. Delta Air Lines, Inc.,* 2019 WL 1493224, at *8 (E.D.N.Y. Mar. 31, 2019), *aff'd,* 803 F. App'x 505 (2d Cir. 2020) (dismissing discrimination claims under federal, state, and city laws on the pleadings where the complaint "failed to establish a plausible inference that [the employer] acted with discriminatory intent"); *see also Dechberry v. New York City Fire Dep't*, 124 F. Supp. 3d 131, 160 (E.D.N.Y. 2015) ("because plaintiff is not able to plead a plausible discriminatory or retaliatory motive, her NYCHRL claims must be dismissed for failure to state a plausible claim upon which relief may be granted"). Plaintiff has failed to plead sufficient facts warranting an inference of discriminatory or retaliatory animus.

### A.   Plaintiff fails to plead adequate facts to support a claim of race discrimination in violation of 42 U.S.C. § 1981, requiring dismissal of his first cause of action.

Plaintiff's original Complaint asserted claims of *national origin* discrimination and retaliation under 42 U.S.C. § 1981 ("Section 1981"). As detailed in the original motion to dismiss, however, Section 1981 does not encompass claims based upon national origin. Therefore, in his Amended Complaint, Plaintiff has attempted to convert his first and second causes of action into

---

[4] Plaintiff's pleading burden is even greater under Section 1981 – he must "allege facts that would permit the Court to infer . . . that race [or another protected characteristic] *was a but-for cause*" of the claimed adverse employment actions. *Avent v. Progressive Cas. Ins. Co*., 2021 WL 168500, at *4 (S.D.N.Y. Jan. 19, 2021) (emphasis added).

claims for *race* discrimination and retaliation. Although Plaintiff now raises the correct protected characteristic under Section 1981, he fails to plead sufficient facts that would support such a claim.

To state a legally sufficient claim of discrimination on the basis of race in violation of Section 1981, Plaintiff must allege facts sufficient to demonstrate: (1) that he is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Bentley, Jr. v. Mobil Gas Station*, 599 F. App'x 395, 396 (2d Cir. 2015). Furthermore, to survive a motion to dismiss, Plaintiff must specifically allege "circumstances giving rise to a *plausible inference* of racially discriminatory intent." *Id.* (emphasis added); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that to survive a motion to dismiss, plaintiffs must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible"). "A plaintiff's naked allegation that the defendant acted based on the plaintiff's race and color is too conclusory to survive a motion to dismiss." *Id.* at 396. Examples of "circumstances which may support an inference of discrimination" include an employer's criticism of the plaintiff's performance in ethnically degrading terms, invidious comments about the employee's protected group, and the more favorable treatment of employees not in the protected group. *See Sealy v. Hertz Corp.*, 688 F. Supp. 2d 247, 255 (S.D.N.Y. 2009); *see also Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 91 (2d Cir.1996) (an inference of discrimination may be supported by evidence of "actions or remarks made by decision-makers that could be viewed as reflecting discriminatory animus").

Here, the only such "remark" alleged in the Amended Complaint is that "Manager Kinoshita told Plaintiff that he should take courses on how to become 'more like a Japanese employee.'" (Amended Complaint ¶ 36.) Even accepting this allegation as true, this comment does not reflect discriminatory animus on the basis of Plaintiff's race. The Amended Complaint does

not allege that Plaintiff was told to act more like an *Asian* employee but, rather, that Plaintiff was purportedly told to act "more like a Japanese employee." Additionally, Plaintiff's Amended Complaint does not include sufficient factual allegations that similarly situated *Asian* employees were given more favorable treatment than employees not in the protected group. In fact, Plaintiff alleges that his former colleague Irene Shum, who is alleged to be "of Chinese descent," was *also* denied opportunities to apply for promotions and that she too was treated in a different manner than Japanese employees.[5] (Amended Complaint ¶¶ 20, 51-52.) Thus, Plaintiff undermines his own contention that Mizuho favored Asians.

Furthermore, although Plaintiff's Amended Complaint asserts that certain Japanese colleagues, such as Tomiya Hiroki (*see* Amended Complaint ¶ 37), were favored, these general allegations are insufficient to state a claim. Plaintiff fails to allege, as the law requires, that any of these purported comparators were "similarly situated in terms of position, seniority, job responsibilities, business unit, performance, length of experience or even geography." *Cooper v. Templeton*, 629 F. Supp. 3d 223, 231 (S.D.N.Y. 2022), *aff'd sub nom., Cooper v. Franklin Templeton Invs.* (2d. Cir. 2023) (plaintiff's claims failed because the purported comparators were not alleged to be "similarly situated in terms of position, seniority, job responsibilities, business unit, performance, length of experience or even geography").

---

[5] Plaintiff gives a *single* example in which Ms. Shum was allegedly treated *better* than Plaintiff. In paragraph 34 of the Amended Complaint, Plaintiff alleges: "Manager Kinoshita started to interrupt Plaintiff during meetings and tell him to stop talking. Manager Kinoshita condescendingly explained that in Japan, the lesser employee is subservient to his superior and does not talk unless the superior asks him to talk. Manager Kinoshita did not admonish Co-worker Shum or his Japanese co-workers in the same manner." (Amended Complaint ¶ 34.) This allegation cannot sustain Plaintiff's claim of race discrimination because Plaintiff fails to allege that Shum or Plaintiff's Japanese co-workers behaved in the same way as he did during meetings or are otherwise proper comparators in this scenario. *See Cooper v. Templeton*, 629 F. Supp. 3d 223, 231 (S.D.N.Y. 2022), *aff'd sub nom., Cooper v. Franklin Templeton Invs.*, 2023 WL 3882977 (2d. Cir. 2023) (plaintiff's claims failed because the purported comparators were not alleged to be "similarly situated in terms of position, seniority, job responsibilities, business unit, performance, length of experience or even geography").

In other words, simply adding the phrase "non-Asian" repeatedly into his Amended Complaint, as Plaintiff has done here, does not come close to stating any cause of action for race discrimination. Furthermore, in considering these claims, the Court may note that Plaintiff's original Complaint made absolutely no allegations whatsoever that any of the alleged adverse actions were caused by discriminatory animus on the basis of *race*. The Rule 12(b)(6) standard requires neither suspending common sense nor turning a blind eye to prior pleadings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (observing that "[d]etermining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"); *see also Mingues v. Nelson*, 2004 WL 324898, at *3 (S.D.N.Y. Feb. 20, 2004) (observing that the Rule 12(b)(6) standard "does not require this Court to turn a blind eye to plaintiff's prior pleadings demonstrating the absurdity of his claim"); *Kupferstein v. TJX Companies, Inc.*, 2017 WL 590324, at *2 (E.D.N.Y. Feb. 14, 2017) ("While consideration on a motion to dismiss is typically limited to the four corners of an amended complaint, a court is not required to 'turn a blind eye to [a plaintiff's] previous filings.' . . . Accordingly, I will consider plaintiffs original complaint . . . to provide context for her current claim." (internal citations omitted)).

**B.      Plaintiff's second cause of action for retaliation in violation of 42 U.S.C. § 1981 should be dismissed because he has failed to plead sufficient facts indicating that he engaged in a protected activity, or that there is a causal connection between protected activity and any adverse employment action.**

A Section 1981 retaliation claim includes the same elements as a Title VII retaliation claim, namely, "(1) participation in a protected activity; (2) [defendant's knowledge] of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Gomez v. City of New York*, 2014 WL 4058700, at *5 (S.D.N.Y. Aug. 14, 2014); *citing Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010). In his

original Complaint, Plaintiff's retaliation claim failed, first and foremost, because he failed to allege sufficiently that he engaged in a protected activity. In his Amended Complaint, Plaintiff added the following allegation: "Plaintiff engaged in the protected activity of protesting the exclusion of non-Japanese speaking employees from business discussions." (Amended Complaint ¶ 99.) Factually, Plaintiff asserts only that he "request[ed] repeatedly that Defendant conduct business discussions in English." (Amended Complaint ¶ 21.) Plaintiff's amended "retaliation" allegations fail for three distinct reasons.

*First*, this purported "protected activity" does not qualify as a protected activity under Section 1981 in the first instance. "'[P]rotected activity' means action taken to protest or oppose statutorily prohibited discrimination." *Nieblas-Love v. New York City Hous. Auth.*, 165 F. Supp. 3d 51, 71 (S.D.N.Y. 2016). Here, Plaintiff's "requests that Defendant conduct business discussions in *English*" does not qualify as a complaint regarding discrimination on the basis of his *race* as required by Section 1981. *See Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998) ("It is [] settled that Section 1981 does not prohibit discrimination on the basis of . . . national origin" (citations omitted)). Thus, Plaintiff's alleged "protected activity," even if it were pled with sufficient factual detail—and it is not—does not qualify as a "protected activity" for purposes of a Section 1981 retaliation claim.

*Second*, to state a claim of retaliation, Plaintiff must plausibly allege "a causal connection between the protected activity and the [claimed] adverse employment action." *Jute v. Hamilton Sundstrand Corp*., 420 F.3d 166, 173 (2d Cir. 2005). Even if he had identified a cognizable protected activity, Plaintiff's Amended Complaint does not support the inference of a causal connection between that activity and any alleged adverse action. He has not alleged any statements "referring to or condemning plaintiffs' protected activity," which "indicates a lack of retaliatory

9

animus." *Fukelman v. Delta Air Lines, Inc.,* 2020 WL 4587496, at *20 (E.D.N.Y. Apr. 13, 2020) (dismissing retaliation claims on the pleadings because "conclusory allegations" of "increased 'harassment' of plaintiffs" were insufficient). And while, alternatively, "[t]he causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action" (*Clarke v. Metro. Museum of Art*, 2017 WL 6398339, at *6 (S.D.N.Y. Nov. 21, 2017); *quoting Summa v. Hofstra Univ.,* 708 F.3d 115, 127-28 (2d Cir. 2013)), Plaintiff's scant allegations cannot, as a matter of law, support an inference of a causal connection because Plaintiff does not plead fundamental facts such as *to whom* he allegedly complained or *when* he complained, precluding any such inference. *See, e.g.*, *Henry v. NYC Health & Hosp. Corp*., 18 F. Supp. 3d 396, 412 (S.D.N.Y. 2014) (where complaint alleged that defendants retaliated against plaintiff when she complained about the unlawful treatment by denying her overtime, giving her undesirable shifts, and bringing her up on false charges, the court dismissed the retaliation claim on the pleadings, holding that "[s]uch conclusory allegations are simply too vague in nature and *non-specific as to time* . . . to serve as a basis for [the] retaliation claims") (emphasis added); *Winston v. City of New York*, 2013 WL 4516097, at *4 (E.D.N.Y. Aug. 23, 2013) (holding that plaintiff's "retaliation allegations fail to satisfy her Rule 12(b)(6) burden," as plaintiff's "blanket statement that [her] demotion took place 'upon return from [a] vacation . . . [taken] . . . shortly [ ]after [the protected activity]' is insufficient to satisfy *Iqbal's* standards") (brackets in original); *Clarke,* 2017 WL 6398339, at *6 ("Plaintiff's new allegations do not repair the defects in the original Complaint. Plaintiff's failure to supply dates regarding her reporting of racist jokes makes it impossible to establish indirect causation.").

*Third*, Plaintiff's allegations do not permit an inference that his purported complaint that meetings were conducted in Japanese was a complaint of unlawful discriminatory conduct. To

demonstrate that he has engaged in protected activity, "[t]he onus is on the speaker to clarify to the employer that he is complaining of unfair treatment due to his membership in a protected class [and in violation of law] and that he is not complaining merely of unfair treatment generally . . . . a plaintiff's employer must have understood, or been able to understand, that plaintiff's opposition was directed at [unlawful discriminatory] conduct[.]" *Filippi v. Elmont Union Free Sch. Dist. Bd. of Educ.,* 2012 WL 4483046 at *16 (E.D.N.Y. Sept. 27, 2012); *see also Velasquez v. Goldwater Mem'l Hosp.*, 88 F. Supp. 2d 257, 264 (S.D.N.Y. 2000).

### C. Plaintiff's third cause of action for race and national original discrimination and retaliation under the NYSHRL and NYCHRL should be dismissed in its entirety on various grounds.

*First*, in addition to the fact that Plaintiff has pleaded only generalizations rather than specific facts needed to support an inference of discriminatory animus (*see supra* at p. 4-8), Plaintiff's claims of race and national origin *discrimination* under the NYSHRL and the NYCHRL should be dismissed as time barred by the applicable statutes of limitation. "The lapse of a limitations period is an affirmative defense that a defendant must plead and prove[,] but a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Wang v. Palmisano*, 51 F. Supp. 3d 521, 531 (S.D.N.Y. 2014) (internal quotations omitted); *quoting Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). Here, it is apparent on the face of the Complaint that Plaintiff's claim for race and national origin *discrimination* in violation of the NYSHRL and the NYCHRL is barred by the applicable three-year statutes of limitation. *See Moore v. Metro. Transp. Auth.*, 999 F. Supp. 2d 482, 494 (S.D.N.Y. 2013) ("Discrimination claims under the NYSHRL are subject to a three-year statute of limitations."); *Juillet v. City of New York*, 180 N.Y.S.3d 840, 844–45 (Sup. Ct. N.Y. Co. 2022) (holding that the NYCHRL's three-year statute of limitation barred any claims arising from actions taken or statements made more than three years prior to the filing of the complaint).

Plaintiff commenced this action on August 8, 2023. Consequently, all of Plaintiff's claims that are alleged to have occurred more than three years before Plaintiff commenced this action (*i.e.*, before August 8, 2020) are time barred. Based upon the chronology in the Complaint, all of Plaintiff's allegations that Mizuho discriminated against him on account of his race and/or national origin occurred in 2018 and 2019 and, therefore, are barred by the statute of limitations.[6] (*See* Amended Complaint ¶¶ 11-23, 33-48, 51-59.) Accordingly, Plaintiff's claim for race and national origin discrimination in violation of the NYSHRL and the NYCHRL should be dismissed.[7]

*Second*, Plaintiff's claim for race and national origin *retaliation* in violation of the NYSHRL and the NYCHRL should be dismissed pursuant to F.R.C.P. § 12(b)(6) for largely the same reasons that his Section 1981 retaliation claim is subject to dismissal. As noted in Section I(B) above, Plaintiff's allegation that he "request[ed] repeatedly that Defendant conduct business discussions in English" is insufficient to support a claim for retaliation because: (i) there is no

---

[6] The *only* factual allegations of discrimination that occurred within the statutes of limitation relate to Plaintiff's alleged disability, not his race or national origin. (*See* Amended Complaint ¶ 77-86.)

[7] Plaintiff seemingly tries to allege that he was also subjected to a hostile work environment by peppering the Amended Complaint with the phrase "hostile work environment" without any factual support (including in his third cause of action). Plaintiff, however, has failed to plead sufficient facts to support a claim for hostile work environment. To prevail on a hostile work environment claim, Plaintiff must show: "[1] that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and [2] that a specific basis exists for imputing the objectionable conduct to the employer." *Smith v. New York & Presbyterian Hosp.*, 440 F. Supp. 3d 303, 345 (S.D.N.Y. 2020); *quoting Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002). Plaintiff must show "that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of h[is] employment were thereby altered." *Id.* Significantly, "[i]solated, minor acts or occasional episodes do not warrant relief." *Id.*; *quoting Brennan v. Metro. Opera Ass'n*, 192 F.3d 310, 318 (2d Cir. 1999). Plaintiff does not allege facts to support any of the requisite elements. Rather, in his Amended Complaint, Plaintiff simply states: "Defendant discriminated against Plaintiff on the basis of his race and national origin and in doing so altered the terms and conditions of his employment, including by creating and condoning a hostile work environment and termination his employment." (Amended Complaint ¶ 107.) This is insufficient. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013). "A complaint must therefore contain more than naked assertion[s] devoid of further factual enhancement" because pleadings "that contain no more than conclusions ... are not entitled to the assumption of truth otherwise applicable to complaints in the context of motions to dismiss." *Id.* at 87–88 (quotations omitted). Further, Plaintiff's allegations concerning alleged race and/or national origin discrimination are time-barred. Accordingly, any claim for an alleged hostile work environment resulting from these purported discriminatory acts is also time-barred.

indication that Plaintiff was specifically complaining of *unlawful discriminatory conduct (see Filippi*, 2012 WL 4483046 at \*16); and (ii) this allegation provides no basic factual details regarding to whom Plaintiff complained or when Plaintiff complained, and therefore cannot support the inference of a causal connection between the purported complaint and any adverse action (*see supra* at p. 9-10).

Accordingly, Plaintiff's third cause of action should be dismissed in its entirety.

## II.     Plaintiff's Fourth Cause of Action for Familial Status Discrimination and Retaliation and His Fifth Cause of Action for Caregiver Status Discrimination and Retaliation Under the NYSHRL and the NYCHRL Should be Dismissed On Various Grounds[8]

All of Plaintiff's claims concerning alleged "familial status" and/or "caregiver status" *discrimination* must be dismissed as barred by the three-year statutes of limitation applicable to the NYSHRL and the NYCHRL. *See Moore*, 999 F. Supp. 2d at 494; *Juillet*, 180 N.Y.S.3d at 844–45. Plaintiff alleges that he was discriminated against because "Defendant believed that fathers should not be entitled to time off to care for their children, nor should males be entitled to time off to care for their ailing family members." (Amended Complaint ¶¶ 115, 125.) Plaintiff's request for paternity leave occurred in June 2019 (*see* Amended Complaint ¶¶ 26-32), while Plaintiff's requests for leave to care for his ailing father[9] occurred in June 2019 and early 2020 (*see* Amended

---

[8] As an initial matter, the NYSHRL protects against "familial status" discrimination, as alleged in Plaintiff's fourth cause of action, while the NYCHRL protects against "caregiver status" discrimination, as alleged in Plaintiff's fifth cause of action. *See* N.Y. Exec. Law § 296(a); N.Y.C. Admin. Code § 8-101. Accordingly, Plaintiff's fourth cause of action should be narrowed to "familial status" discrimination and retaliation in violation of NYSHRL *only*, while his fifth cause of action should be narrowed to "caregiver status" discrimination and retaliation in violation of the NYCHRL *only*.

[9] "Familial status" under the NYSHRL does not encompass caring for a sick parent. Familial status is defined as: (a) any person who is pregnant or has a child or is in the process of securing legal custody of any individual who has not attained the age of eighteen years, or (b) one or more individuals (who have not attained the age of eighteen years) being domiciled with: (1) a parent or another person having legal custody of such individual or individuals, or (2) the designee of such parent. According to guidance from the New York State website, familial status discrimination occurs when employment decisions are based on familial status, which would include, but are not limited to, because a father has obtained custody of one or more of his children and will be the primary caretaker or based on the belief that mothers should stay home with their children. https://dhr.ny.gov/system/files/documents/2022/05/guidance-familial-status-employers.pdf. Furthermore, although "caregiver status" under the NYCHRL includes caring for a parent, Plaintiff has not pled facts sufficient to entitle him to such protection under the NYCHRL because "caregiver

Complaint ¶¶ 31, 69). Plaintiff's original Complaint was filed on August 8, 2023. Accordingly, all of Plaintiff's claims regarding "familial status" and "caregiver status" discrimination are barred by the statutes of limitation and, therefore, should be dismissed pursuant to F.R.C.P. § 12(b)(6).

Further, Plaintiff's claims for familial and caregiver status *retaliation* in violation of the NYSHRL and the NYCHRL are likewise subject to dismissal. In his Amended Complaint, Plaintiff alleges that he was retaliated against as follows:

> Plaintiff engaged in the protected activity of requesting paternity leave, requesting an extension of his paternity leave, and requesting leave to care for his father. Defendant retaliated against Plaintiff for exercising his right to paternity leave and for attempting to exercise his right to time off to care for his ailing family members by depriving him of various privileges enjoyed by other employees, by targeting him with scrutiny of for his time off and leave requests that were not experienced by other employees, and by terminating his employment.

(Amended Complaint ¶¶ 116-177; *see also* ¶¶ 124-126.) Plaintiff's allegation that, as a result of requesting leave to care for his family, he was deprived of "various privileges enjoyed by other employees" and "target[ed] with scrutiny of for his time off and leave requests" is insufficient to support a cause of action for retaliation for three reasons:

*First*, these vague allegations are insufficient to survive a motion to dismiss. *See McNamara v. City of Long Beach*, 249 F. Supp. 3d 684, 688 (E.D.N.Y. 2017) (in order to survive a motion to dismiss, "[a] plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery").

---

status," as defined by the NYCHRL, protects individuals who provide ongoing and direct care to a parent with a disability *who lives with them and who relies on them for medical care or to meet their needs of daily living.* https://www.nyc.gov/assets/cchr/downloads/pdf/materials/Caregiver_FactSheet-Employer.pdf. Here, Plaintiff does not allege that his father lives with him or that his father relies upon Plaintiff to meet his needs of daily living. Rather, Plaintiff simply alleges that he helps with his father's care "whenever possible." (*See* Amended Complaint ¶ 24.)

*Second*, these vague allegations of being denied "privileges enjoyed by other employees" and "target[ed] with scrutiny of for his time off and leave requests" do not qualify as an adverse employment action sufficient to support a claim for retaliation. *See Benzinger v. Lukoil Pan Americas, LLC*, 447 F. Supp. 3d 99, 118 (S.D.N.Y. 2020) ("An adverse employment action is a 'materially adverse change' in the terms and conditions of employment . . . . To be materially adverse, a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities." (internal citations omitted)); *see also McKinney v. New York*, 2022 WL 602970, at *4 (S.D.N.Y. Mar. 1, 2022).

*Third*, although Plaintiff's allegation that he was terminated in retaliation for requesting paternity leave and/or family leave would qualify as an adverse employment action, this claim is not cognizable given the extensive gap between the alleged protected activity and his termination. Plaintiff's requests for leave took place in the summer of 2019 and early 2020, well over a year prior to the termination of his employment on April 6, 2021. Given the significant time gap between Plaintiff's requests for leave and his termination, Plaintiff cannot establish a causal connection based on temporal proximity. Without temporal proximity, Plaintiff must plead some additional facts that might infer a causal connection exists between his familial leave and his termination. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) ("A retaliatory purpose can be shown indirectly by timing: protected activity followed closely in time by adverse employment action."); *Cody v. Cnty. of Nassau*, 345 F. App'x 717 (2d Cir. 2009) (finding that five months between a protected activity and the adverse employment action was insufficient temporal proximity to support employee's Title VII retaliation claim); *Chamberlin v. Principi*, 247 F. App'x 251 (2d Cir. 2007) (finding five-month gap between protected activity and adverse action insufficient to establish causal connection required for retaliation claim). Without

temporal proximity, there is no *indirect* evidence of a retaliatory motive, and Plaintiff's complaint is devoid of any allegations of *direct* evidence connecting his requests for leave and Mizuho's decision to terminate him well over a year later. Consequently, Plaintiff has not pleaded sufficient facts from which to infer the requisite causal connection.

**III.     Plaintiff's Sixth Cause for Gender Discrimination and Retaliation Under the NYSHRL and the NYCHRL Should be Dismissed in its Entirety Pursuant to Rule 12(b)(6) on Multiple Grounds**

Plaintiff's factual allegations concerning his claim for gender discrimination and retaliation are indistinguishable from those underpinning his claims of familial and caregiver status discrimination and retaliation and, therefore, should be dismissed for the same reasons.

*First*, Plaintiff's claim concerning alleged gender *discrimination* should be dismissed as barred by the three-year statute of limitation. *See Moore,* 999 F. Supp. 2d at 494; *Juillet*, 180 N.Y.S.3d at 844–445. Plaintiff alleges that he was subjected to discrimination because "Defendant does not believe that fathers should be entitled to time off to care for their children, nor should males be entitled to time off to care for their ailing family members." (Amended Complaint ¶ 134.) Again, Plaintiff's requests for leave allegedly occurred in the summer of 2019 and early 2020 – more than three years before he filed suit. (*See* Amended Complaint ¶¶ 26-32, 69.)

*Second*, Plaintiff's claim that Mizuho retaliated against him for requesting/taking leaves of absence by depriving him of various privileges enjoyed by other employees, by targeting him with scrutiny, and by terminating his employment are insufficient to support a claim for retaliation for the reasons set forth above, *viz*: (1) Plaintiff's allegation that, as a result of taking leave to care for his family, he was deprived of "various privileges enjoyed by other employees" and "target[ed] with scrutiny of for his time off and leave requests" is too vague to support a cause of action for retaliation and does not qualify as an adverse employment action; and (2) although Plaintiff's allegation that he was terminated in retaliation for requesting family leave would qualify as an

adverse employment action, this claim is not cognizable given the extensive time gap between the alleged protected activity and Plaintiff's termination.

IV.     **Plaintiff's Seventh Cause of Action for Discrimination and Retaliation in Violation of the FMLA and Eighth Cause of Action for Interference in Violation of the FMLA Should be Dismissed For Various Reasons**

Plaintiff's seventh cause of action alleges discrimination and retaliation in violation of the FMLA, while Plaintiff's eighth cause of action alleges interference in violation of the FMLA. As detailed below, these causes of action should be dismissed for the following reasons: (1) Plaintiff's claims of alleged discrimination and retaliation for invoking his FMLA rights should be dismissed because Plaintiff fails to state a *prima facie* claim under the FMLA; and (2) Plaintiff's interference claim is also based on alleged actions that, as pled, fall outside the statute of limitation.

A.     **Plaintiff's claims of alleged discrimination and retaliation for invoking his FMLA rights should be dismissed insofar as they (a) fail to state a claim under the FMLA and (b) are also based on alleged actions that, as pled, fall outside the statute of limitation.**

"The Second Circuit recognizes two types of claims under the FMLA—and only two types of claims—interference and retaliation." *Arnold v. Rsch. Found. for State Univ. of New York*, 216 F. Supp. 3d 275, 285 (E.D.N.Y. 2016); *see also DeAngelo v. Yellowbook Inc.*, 105 F. Supp. 3d 166, 182 (D. Conn. 2015) ("The Second Circuit has recognized two causes of action— 'interference' and 'retaliation'—under the FMLA."). To prevail on a claim for retaliation under the FMLA, Plaintiff must establish that (1) he exercised his rights protected under the FMLA, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *See Roberts v. Health Ass'n*, 308 F. App'x 568, 570 (2d Cir. 2009).

In his Amended Complaint, Plaintiff alleges that he was entitled to FMLA leave and that Defendant "denied or ignored Plaintiff's requests for protected FMLA leaves of absence to care

for his newborn child, to care for his father, and to treat his wrist disability." (Amended Complaint ¶ 141.) As pleaded, then, Plaintiff fails to meet that first element of a retaliation claim – he did not exercise rights protected under the FMLA. To the contrary, Plaintiff explicitly alleges that he was *denied* his rights under the FMLA, which would constitute an *interference* claim[10] (discussed below), not a retaliation claim. Accordingly, because Plaintiff does not meet the first element of a claim for retaliation under the FMLA, his seventh cause of action must be dismissed.

Furthermore, even if Plaintiff had sufficiently pleaded a cause of action for retaliation under the FMLA, Plaintiff's allegations are barred by the statute of limitation. Generally, FMLA claims are subject to a two-year statute of limitation. However, the period extends to three years when the violation is willful—*i.e.*, when the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited. *See Offor v. Mercy Med. Ctr.,* 676 F. App'x 51, 53 (2d Cir. 2017). Mizuho vehemently denies that it deprived Plaintiff of benefits to which he was entitled under the FMLA and that it knew or showed reckless disregard for this alleged conduct. Nevertheless, even applying the three-year limitation period, Plaintiff's allegations concerning retaliation in violation of the FMLA are be time-barred—with the exception of a claim of retaliation based on the termination of his employment.[11] And, as discussed in above, to the extent Plaintiff's FMLA "retaliation" claim is premised on the termination of his employment, this claim is non-cognizable given the extensive gap between the alleged protected activity (Plaintiff

---

[10] To prevail on an FMLA interference claim, a plaintiff must establish: (1) that he is an eligible employee under the FMLA; (2) that the defendant is an employer as defined by the FMLA; (3) that he was entitled to take leave under the FMLA; (4) that he gave notice to the defendant of his intention to take leave; and (5) that he was denied benefits to which he was entitled under the FMLA." *Arnold*, 216 F. Supp. 3d at 285; *quoting Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016).

[11] In the Amended Complaint, Plaintiff alleges that he requested FMLA leave in June 2019 for the birth of his child and to help care for his disabled father. (Amended Complaint ¶ 31.) Plaintiff further alleges that he requested FMLA in December 2019 to attend physical therapy for his wrist and again in early 2020 to care for his disabled father. (*Id.* ¶¶ 62, 69.)

requesting FMLA leave) and Plaintiff's termination. Plaintiff's FMLA requests allegedly occurred in June 2019, December 2019, and early 2020. (*See* Amended Complaint ¶¶ 31, 62, 69.) Plaintiff's employment was not terminated until April 6, 2021—over a year later. Thus, Plaintiff's allegation that Defendant retaliated against Plaintiff for exercising and/or attempting to exercise his rights under the FMLA, without any factual support to establish a causal connection between his requests for FMLA leave and his termination over a year later, is a mere conclusory statement and cannot sustain a claim. *See Cody*, *supra* at 345 F. App'x 717 (finding that five months between a protected activity and the adverse employment action was insufficient temporal proximity to support employee's Title VII retaliation claim); *see also Chamberlin*, *supra* at 247 F. App'x 251 (finding five-month gap between protected activity and adverse action was insufficient to establish causal connection required for retaliation claim).

### B. Plaintiff's FMLA "interference" claims should be dismissed because the Complaint makes clear that they are barred by the statute of limitation.

Plaintiff's eighth cause of action, a claim for interference in violation of the FMLA, must also be dismissed because it is barred by the applicable statute of limitation (regardless of whether the two-year or three-year statute of limitation is applied). To prevail on a claim of interference with FMLA rights, a plaintiff must establish that: (1) he is an eligible employee under the FMLA; (2) the defendant is an employer as defined by the FMLA; (3) he was entitled to take leave under the FMLA; (4) he gave notice to the defendant of his intention to take leave; and (5) he was denied benefits to which he was entitled under the FMLA. *Shultz v. Congregation Shearith Israel of City of New York*, 867 F.3d 298, 307 (2d Cir. 2017). As noted above, Plaintiff requested FMLA leave at various times beginning in June 2019 and ending in "early 2020." (*See* Amended Complaint ¶¶ 31, 62, 69.) Plaintiff commenced this action on August 8, 2023. Accordingly, all of Plaintiff's allegations regarding his FMLA requests, including any alleged denial of those requests, should

be dismissed pursuant to F.R.C.P. 12(b)(6) because they are barred by the applicable statute of limitation, whether it be two-years or three-years.[12] *See Offor*, 676 F. App'x at 53.

## V. Plaintiff's Ninth Cause of Action for Disability Discrimination and Retaliation in Violation of the NYSHRL and the NYCHRL Should be Narrowed to Only Those Factual Allegations That Fall Within the Statutes of Limitation

Plaintiff's ninth cause of action alleges disability discrimination and retaliation in violation of the NYSHRL and the NYCHRL. Again, claims under the NYSHRL and NYCRHL are subject to a three-year statute of limitation. *See Moore,* 999 F. Supp. 2d at 494; *Juillet,* 180 N.Y.S.3d at 844–445. Plaintiff alleged he made accommodation requests regarding a strained wrist in late 2018 (Amended Complaint ¶ 25), December 2019 (*Id.* ¶¶ 60-63), February 2020 (*Id.* ¶¶ 71-72), April 2020 (*Id.* ¶¶ 74-75), and February 2021 (*Id.* ¶ 77). Thus, the only timely factual allegation concerning Plaintiff's purported disability alleged in the Amended Complaint is the purported February 2021 accommodation request and any alleged retaliation that occurred thereafter.[13]

---

[12] Although Plaintiff's Complaint alleges that, in March 2021, he took leave due to COVID-19 (*see* Amended Complaint ¶¶ 78-86), these allegations do not support Plaintiff's claim for either retaliation or interference in violation of the FMLA because (a) Plaintiff does not assert that he requested FMLA leave in March 2021, (b) Plaintiff does not assert he was denied FMLA leave in March 2021, and (c) Plaintiff does not allege that he actually took any FMLA leave in March 2021. Rather, Plaintiff states that he informed his manager that "he was taking some days off from the 260-day sick day allowance" provided by Mizuho to its employees. (*Id.* ¶ 82.) Although Plaintiff's use of sick days does not automatically preclude application of the FMLA, "[t]he critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Darboe v. Staples, Inc.*, 243 F. Supp. 2d 5, 17 (S.D.N.Y. 2003). Here, Plaintiff requested "some days off" from the sick days Mizuho purportedly afforded to its employees. This information is insufficient to have apprised Mizuho that Plaintiff's COVID-19 illness (or his family's COVID-19 illness) should have qualified as a "serious health condition" that would make him eligible for leave under the FMLA. Accordingly, Plaintiff's purported March 2021 leave due to COVID-19 cannot serve as a basis for his FMLA claims.

[13] In his Amended Complaint, Plaintiff does not allege that his COVID-19 diagnosis qualifies as a disability under the NYSHRL and/or the NYCHRL. (*See* Amended Complaint ¶¶ 78-86.) To the contrary, he specifically refers to his alleged strained wrist as a "disability," but refers to COVID-19 diagnosis as an "illness." (*See* Amended Complaint p. 21, between ¶ 84 and ¶ 85.) Accordingly, Plaintiff's COVID-19 diagnosis is irrelevant to his ninth cause of action for disability discrimination under the NYSHRL and the NYCHRL. However, to the extent Plaintiff argues that his 2021 COVID-19 diagnosis is a qualifying disability in his opposition and/or at any time during the course of this litigation, Mizuho reserves the right to challenge such an allegation.

Accordingly, Plaintiff's claim for disability discrimination and retaliation under the NYSHRL and the NYCHRL should be narrowed to those allegations that fall within the statute of limitations.[14]

## VI.   Plaintiff's Tenth Cause of Action for Breach of Contract Should be Dismissed Because Plaintiff has Pleaded No Facts in Support of This Claim

"New York law is eminently clear that a proper breach of contract claim must identify specifically breached contract terms." *CreditSights, Inc. v. Ciasullo*, No. 05 CV 9345(DAB), 2008 WL 4185737, at *11 (S.D.N.Y. Sept. 5, 2008). "Stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008).

Here, Plaintiff alleges "breach of contract" only in the most conclusory fashion. He fails to identify the purported contract (including whether it was written or oral and the date it purportedly went into effect), much less the specific contract terms supposedly at issue and the nature of the breach of those terms. Mizuho is left to guess as to the purported basis for this claim. The claim therefore should be dismissed. *See e.g. Wolff v. Rare Medium, Inc.,* 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001) (dismissing breach of contract claim where "the complaint fail[ed] to provide [defendant] notice of the contractual provision allegedly breached, or the nature of the breach"); *Adams v. Smith*, 2010 WL 3522310, at *15 (N.D.N.Y. Sept. 1, 2010) (granting motion to dismiss

---

[14] In addition to narrowing Plaintiff's ninth cause of action to only those factual allegations that fall within the statutes of limitation, any purported claim for hostile work environment included in Plaintiff's ninth cause of action should be dismissed because Plaintiff has failed to plead sufficient facts to support a claim for a hostile work environment. Plaintiff does not allege facts to support any of the requisite elements (outlined at footnote 7 above) of a hostile work environment. Rather, in his Amended Complaint, Plaintiff simply states: "Defendant discriminated against Plaintiff on the basis of his disability by altering the terms and conditions of his employment, including by creating and condoning a hostile work environment and termination his employment." (Amended Complaint ¶ 154.) This is insufficient. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Dejesus*, 726 F.3d at 87. "A complaint must therefore contain more than naked assertion[s] devoid of further factual enhancement" because pleadings "that contain no more than conclusions ... are not entitled to the assumption of truth otherwise applicable to complaints in the context of motions to dismiss." *Id.* at 87–88 (quotations omitted). At best, Plaintiff alleges various discrete acts that are insufficient to support a hostile work environment claim. *See Smith*, 440 F. Supp. 3d at 346 ("While defendants' alleged adverse acts are relevant to her discrimination and retaliation claims, she "cannot piggyback [such] discrete adverse acts about which [s]he complains onto hostile work environment claims in order to make them actionable.").

breach of contract claim where plaintiff failed to adequately plead "the existence of any terms within a contract that have been breached"); *Nichols v. BAC Home Loans Servicing LP*, 2013 WL 5723072, at *9 (N.D.N.Y. Oct. 18, 2013) (dismissing breach of contract claim where Plaintiff did not identify any provisions of the alleged contract that were violated).

**VII.    Plaintiff's Eleventh Cause of Action for Retaliation in Violation of the New York Labor Law is Non-Cognizable and, in Any Event, Barred by the Statute of Limitation**

Finally, Plaintiff's eleventh cause of action for retaliation in violation of the New York Labor Law should be dismissed pursuant to Rule 12(b)(6) for multiple reasons.

*First*, Plaintiff's Amended Complaint alleges that "Defendants retaliated against Plaintiff for exercising his rights to take *accrued vacation* in violation of provisions of the Labor Law, including but not limited to Labor Law § 196-b." (Amended Complaint ¶ 167 (emphasis added).) Labor Law 196-b requires employers to provide employees with *sick leave*, not vacation days, and therefore is inapplicable. Therefore, Plaintiff's claim is non-cognizable on its face.

*Second*, even if Plaintiff had stated a *prima facie* claim for retaliation in violation of the Labor Law, which he does not, this claim should be dismissed because it is barred by the applicable statute of limitation. Claims for retaliation under the Labor Law are not governed by Section 196-b; they are governed by Section 215, which prohibits an employer from retaliating against an employee "because such employee has otherwise exercised rights protected under this chapter" or "because such employee has used any legally protected absence pursuant to federal, local, or state law." N.Y. Lab. Law § 215. Section 215 carries a two-year statute of limitation. *See Daniels v. Am. Airlines Inc.*, 2022 WL 493573, at *6 (E.D.N.Y. Feb. 17, 2022) (holding the plaintiff's retaliation claims under Labor Law § 215 "are barred by the relevant two-year statute of limitations"). Therefore, Plaintiff's claim for "retaliation" under the Labor Law is time-barred; his deletion of his prior reference to Section 215 from his pleading does not change that result.

## <u>CONCLUSION</u>

For the reasons stated herein, Mizuho respectfully request that the Court grant the following relief, in addition to any other relief the Court deems just and proper:

1. Dismiss Plaintiff's First and Second Causes of Action entirely, pursuant to Rule 12(b)(6), given that Plaintiff has failed to plead sufficient facts that would support his claims for race discrimination and retaliation in violation of 42 U.S.C. §1981.

2. Dismiss Plaintiff's Third Cause of Action for race and national origin discrimination and retaliation in violation of the NYSHRL and the NYCHRL entirely, pursuant to Rule 12(b)(6), because Plaintiff's claim for race and national origin *discrimination* is insufficiently pled and also barred by the applicable statutes of limitation and, further, Plaintiff has failed to plead that he engaged in a qualifying "protected activity," as required to support his claim for *retaliation*.

3. Dismiss Plaintiff's Fourth and Fifth Causes of Action for "familial status" and "caregiver status" discrimination and retaliation in violation of the NYSHRL and the NYCHRL entirely, pursuant to Rule 12(b)(6), because: (a) the "familial status" and "caregiver status" *discrimination* claims are untimely; (b) other than the termination of Plaintiff's employment, all purported adverse actions are time-barred and/or insufficiently pled; and (c) while timely, a claim that Plaintiff's employment termination was retaliatory is non-cognizable as a matter of law.

4. Dismiss Plaintiff's Sixth Cause of Action for "gender" discrimination and retaliation in violation of the NYSHRL and the NYCHRL entirely, pursuant to Rule 12(b)(6), because: (a) his "gender" *discrimination* claim is untimely; (b) other than the termination of Plaintiff's employment, all other adverse actions are time barred and/or insufficiently pled;

and (c) while timely, a claim that Plaintiff's employment termination was retaliatory is non-cognizable as a matter of law.

5. Dismiss Plaintiff's Seventh and Eighth Causes of Action for Discrimination and Retaliation in Violation of the FMLA and Interference in Violation of the FMLA entirely, pursuant to Rule 12(b)(6), because: (a) Plaintiff fails to plead a *prima facie* discrimination/retaliation claim under the FMLA; and (b) Plaintiff's discrimination, retaliation, and interference claims are untimely.

6. Dismiss Plaintiff's Ninth Cause of Action for Disability Discrimination and Retaliation, in part, to the extent the claim is premised on allegations that are barred by the three-year statute of limitation (*i.e.*, narrowing Plaintiff's claim to include only alleged events that occurred on or after August 8, 2020).

7. Dismiss Plaintiff's Tenth Cause of Action for Breach of Contract entirely, pursuant to Rule 12(b)(6), given that Plaintiff has failed to allege facts to support this claim.

8. Dismiss Plaintiff's Eleventh Cause of Action for Retaliation in violation of the Labor Law entirely, pursuant to Rule 12(b)(6), because: (a) Plaintiff's claim, as pled, fails on its face; and (b) Plaintiff's claim for retaliation is barred by the applicable statute of limitation.

Dated: December 27, 2023          Respectfully submitted,
New York, NY

**EPSTEIN BECKER & GREEN, P.C.**

*/s/ Edward M. Yennock*
Edward M. Yennock
Jessica Giambrone Palmese
Sierra N. Hennessy
875 Third Avenue
New York, NY 10022
Tel: (212) 351-4620

*Attorneys for Defendant*

24