

**EPSTEIN
BECKER
GREEN**

Attorneys at Law

Edward M. Yennock
t 212.351.4620
f 212.878.8600
EYennock@ebglaw.com

December 5, 2024

VIA ECF
The Honorable Paul A. Engelmayer
United States District Court,
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

      Re:    *David Kurtanidze v. Mizuho Bank, Ltd. et al.*, No. 1:23-cv-08716-PAE
             **Defendant's Motion for Order Regarding Medical Records**

Dear Judge Engelmayer:

      Defendant, Mizuho Bank, Ltd. ("Mizuho") reluctantly writes, pursuant to Local Rule 37.2 and Rule 2(C) of Your Honor's Individual Rules, to raise an open discovery issue as to which Plaintiff has strung us along for several weeks. Despite Plaintiff's repeated promises to resolve the issue—which, in hindsight, appear to have been a ruse to try to run out the clock—it became clear to us this week that the issue will not be resolved without an order from the Court.

      In short, the issue is Plaintiff's failure to produce a valid, HIPAA-compliant authorization permitting Mizuho to obtain especially critical medical records regarding Plaintiff's purported wrist injury. Plaintiff provided several faulty authorizations over a period of several weeks, and then suggested that Plaintiff may have misremembered the identity of the healthcare provider. As recently as December 2, Plaintiff's counsel indicated that they would provide another corrected authorization once Plaintiff could "pinpoint this information." (*See* Ex. A.) But the very next day, on December 3, Plaintiff's counsel advised, during a meet and confer with Mizuho, that Plaintiff would not be providing a corrected authorization because "discovery is closed"—Plaintiff then refused to reconsider this position despite Mizuho reminding him of his continuing obligation under Rule 26 to supplement or correct his discovery responses. (*See* Ex. B.) While we understand that this request comes at a very late hour, Plaintiff's attempt to run out the clock by making false promises to rectify the issue should not be rewarded. We provide further detail below.

      Some of Plaintiff's claims in this action are centered on an alleged wrist injury and Mizuho's alleged failure to accommodate it. Plaintiff asserts that he sustained this injury because Mizuho unfairly "overworked" him.[1] (*See* Third Am. Complaint at ¶¶ 24, 45, and 56).; Ex. C (excerpt from Plaintiff's Dep. Tr.), at 256:13-257:5.) During his deposition, Plaintiff testified that

---

[1] Plaintiff's attempt to cast himself as overworked—which he claims was discriminatory/retaliatory—is inconsistent with his ability to simultaneously manage various other businesses. At his deposition, Plaintiff testified that he worked at his restaurant every weekday after work from approximately 7:00 pm until midnight, as well as all day on the weekends. (*See* Ex. C at 280:22-281:12.)

December 5, 2024
Page 2

the first time he sought treatment was on or about February 8, 2020 when the wrist pain became "unbearable" and he "went to check [himself] [in]to Weill Cornell" hospital for treatment. (Ex. C at 268:16-23, 270:2-5). In addition, medical records from a provider who supported Plaintiff's post-termination effort to obtain *post hoc* worker's compensation benefits indicate that Plaintiff reported to her that he had first obtained treatment on February 8, 2020 at Weill Cornell for a wrist injury. (*See* Ex. D at D003487.)

On September 30, 2024, Mizuho requested an authorization permitting the release of Plaintiff's records from Weill Cornell. On October 7, 2024, Plaintiff provided an authorization applicable specifically to Cornell's Greenberg Medical Center, but the authorization was defective on its face (the dates were incorrect). On October 8, 2024, at our request, Plaintiff provided a "corrected" authorization. (*See* Ex. E - Cornell Greenberg authorization.) However, Weill Cornell rejected that authorization because certain portions of the authorization were not checked off to allow for the release of records. (*See* Ex. F - Cornell rejection.) On October 22, 2024, we alerted Plaintiff's counsel to this defect. In response, on October 29, 2024, instead of providing an authorization with these portions checked off, Plaintiff's counsel advised they had learned that the **"treatment location provided was incorrect"** and that **"[t]he client is looking into this to find the correct location."** (*See* Ex. G - email from Goddard Law's Susan Kuralt (emphasis added).)

On November 4, 2024, Plaintiff then provided an authorization for a neurologist, Dr. Vivian Nora Chin—ostensibly the provider who treated Plaintiff at Weill Cornell on February 8, 2020—but did not check off which Weill Cornell entity would possess her records relating to Plaintiff's treatment. (*See* Ex. H - Dr. Chin authorization.) Given this defect, Mizuho's attempt to process this latest authorization was also unsuccessful; on November 5, we were notified that no records could be located. (*See* Ex. I - letter from Verisma.) Then, in a subsequent discussion with Dr. Chin's office, we learned that she only joined Weill Cornell *in the last year*—i.e., if Plaintiff was indeed treated at Weill Cornell in February 2020 as he claims, **he could not have been treated there by Dr. Chin.**

Adding to the puzzling nature of this purported treatment at Weill Cornell is the fact that **February 8, 2020 was a Saturday, but Plaintiff says he was at work when his pain became so "unbearable" that he had to leave and check himself into the hospital.** (*See* Ex. C at 270:2-274:3.) Also peculiar is the fact that, in Plaintiff's initial response to Mizuho's interrogatory requesting that Plaintiff list every provider he saw in connection with his wrist pain, **he listed *neither* Weill Cornell nor Dr. Vivian Nora Chin.** (*See* Ex. J, Plaintiff's Response to Mizuho's Interrogatory No. 20.)

On November 11, we sent a letter to Plaintiff's counsel outlining these issues. (*See* Ex. K - letter.) We followed-up with Plaintiff's counsel via email on November 27 and December 2, and asked counsel to advise when Plaintiff would be providing the authorization and clarification regarding the identity of the provider. Plaintiff's counsel advised that Plaintiff was **"attempting to obtain his medical records"** and that Plaintiff was **"trying to pinpoint the information."** (*See* Ex. A (emphasis added).) Then, on December 3, Plaintiff's counsel advised Mizuho during a meet-and-confer that, actually, Plaintiff would *not* be providing an authorization because discovery is closed but for certain remaining depositions.

Pursuant to the Court's November 22, 2024 Order, fact discovery was extended to December 5, 2024 for the "limited purposes stated on the record" at the discovery conference. Dkt. 80. The instant letter motion falls outside that scope. Although the Court ordinarily would not entertain a discovery dispute relating to a matter outside of the designated purposes, the Court will do so here, because defendants' request involves routinely provided materials that plaintiffs agreed to produce before the deadline but either failed to produce or produced in an incomplete manner. And under Federal Rule of Civil Procedure 26(e), a party who has made a Rule 26(a) disclosure "must supplement or correct its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect," or "as ordered by the court." Plaintiff is hereby ordered to turn over, as agreed, the HIPAA-compliant authorizations at issue, and to do so no later than **Wednesday, December 11, 2024, at noon.** Plaintiffs' counsel is to file a sworn affidavit on the docket of the case that day certifying that plaintiff has done so.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Date: December 9, 2024