

**EPSTEIN
BECKER
GREEN**

Attorneys at Law

Edward M. Yennock
t 212.351.4620
f 212.878.8600
EYennock@ebglaw.com

February 20, 2025

<u>VIA ECF</u>
Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1305
New York, New York 10007

      Re:    *David Kurtanidze v. Mizuho Bank, Ltd. et al.*, Case No. 23-cv-8716 (PAE)
            **Motion to Seal Documents in Connection With Summary Judgment**

Dear Judge Engelmayer:

      This firm represents Defendants, Mizuho Bank, Ltd. and Mizuho Americas Services LLC ("Defendants" or "Mizuho"), in connection with the referenced action. Pursuant to Rule 4(B)(2) of Your Honor's Individual Practices in Civil Cases (the "Individual Rules"), Defendants submit this letter motion for leave to file under seal three exhibits in support of their motion for summary judgment (the "Summary Judgment Motion"). Defendants are requesting to file only three exhibits under seal out of the nearly 100 exhibits submitted in support of the Summary Judgment Motion.

      Defendants also wish to advise the Court that several additional exhibits being submitted in support of the Summary Judgment Motion will be redacted pursuant to Rule 4(B)(1) of Your Honor's Individual Rules. The documents to be redacted *without* leave of the Court contain information that qualifies as either "sensitive information" or information requiring "caution" under the District's ECF Privacy Policy, including information in Plaintiff's medical records and Plaintiff's financial information. Unredacted copies of these documents are being filed under seal in connection with the instant Motion.

      As to the three exhibits that Defendants are requesting to file under seal *with* leave of the Court, Defendants' Summary Judgment Motion is supported by, *inter alia*, the Declaration of Edward M. Yennock, Esq. and the Declaration of Florencia Luccioni (together, the "Declarations") to which are attached, among other documents, the following three exhibits containing confidential and sensitive information concerning an individual previously employed by Mizuho, Irene Shum, who is not a party to this action:

          • Irene Shum's 2018 performance review (D003222-3224);

Hon. Paul A. Engelmayer, U.S.D.J.
February 20, 2025
Page 2

- Irene Shum's 2019 performance review (D003260-3263); and

- Promotion nomination form for Irene Shum (D003608-3609).

Sealing the foregoing exhibits is appropriate because the materials contain sensitive information concerning the job performance and internal evaluations of a non-party, Ms. Shum. *See Hernandez v. Off. of Comm'r of Baseball*, 2021 WL 1226499, at *12 (S.D.N.Y. Mar. 31, 2021) (granting a motion to seal the employment evaluations of Major League umpires, noting that although "one would be hard pressed to find something more public than the performance of Major League umpires… while their performances may be public, their employer's evaluations of their performances … are not") (internal quotations omitted); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017) (sealing employee evaluations, agreeing that "the allegations in the exhibits detailing internal employee evaluations would likely cause embarrassment to third parties" and that "the third parties' privacy interests outweigh the public's interest in disclosure").

Courts consider each application for a sealing order on its own facts and circumstances and generally weigh the public's interest in access against the interest in confidentiality. *See Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990) ("the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case"). When determining whether a motion to seal a document should be granted, courts consider: (1) whether the document qualifies as a "judicial document" subject to a presumption of public access under both the common law and the First Amendment; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors outweigh the right of public access to that judicial document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006); *see also Hernandez*, 2021 WL 1226499, at *12 ("*Lugosch* instructs this Court to determine whether the documents at issue have a presumption of public access, consider the weight of that access, then balance competing considerations.").

As to the first factor, documents filed in connection with a summary judgment motion are indeed considered to be "judicial documents" because they directly affect an adjudication. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004). The third factor is inapplicable here—examples of "countervailing factors" include legal privilege, business secrecy, the privacy interests of those resisting disclosure, and the danger of impairing law enforcement or judicial efficiency. *See Sec. & Exch. Comm*, 2020 WL 3264264, at *1; *Lugosch*, 435 F.3d at 120-25; *Amodeo*, 71 F.3d at 1050-51.

As to the second factor, courts may consider whether the subject matter of the document is "traditionally considered private," as are employment evaluations. *See Hernandez*, 2021 WL 1226499, at *12 (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). In *Amodeo*, the Second Circuit noted:

> In determining the weight to be accorded an assertion of a right of
> privacy, courts should first consider the degree to which the subject

> matter is traditionally considered private rather than public. Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.

*Amodeo*, 71 F.3d at 1051. The Second Circuit has held that "[t]he privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation." *Id.* at 1050; *Olson v. Major League Baseball*, 29 F.4th 59, 91 (2d Cir. 2022) ("[t]he privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation") (quoting *Application of Newsday, Inc.*, 895 F.2d at 79–80 (holding same)).

Here, Ms. Shum's employee performance evaluations and promotion form are (a) documents that are "traditionally considered private," (b) contain sensitive information that could be considered embarrassing if released to the public, and (c) concern an individual who is not a party to this action. As noted above, it has been held previously that a non-party's privacy interest concerning his or her job performance and evaluations outweighs the public's interest in disclosure. *See Hernandez*, 2021 WL 1226499, at *12; *Oliver*, 282 F. Supp. 3d at 707. Thus, the sealing of Ms. Shum's performance evaluation and promotion form is appropriate to protect her legitimate privacy interests.

Accordingly, Defendants respectfully ask the Court to grant this letter motion to seal Ms. Shum's promotion recommendation form and her two performance reviews. No previous request for such relief has been made.

Defendants thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Edward M. Yennock

Edward M. Yennock

GRANTED. The Clerk of Court is respectfully directed to close the motion pending at Docket 106.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

February 21, 2025