# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 | New York, NY 10006

Office. 646.964.1178

Fax. 212.208.2914

Siobhan@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

March 27, 2025

**VIA ECF**
Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1305
New York, New York 10007

    Re:    *David Kurtanidze v. Mizuho Bank, Ltd. et al.*, Case No. 23-cv-8716 (PAE)
            **Motion to Seal Exhibits in Support of Opposition to Summary Judgment**

Dear Judge Engelmayer:

    This firm represents Plaintiff David Kurtanidze ("Plaintiff"), in the above-referenced action. Pursuant to Rule 4(B)(2) of Your Honor's Individual Practices in Civil Cases, Plaintiff submits this letter motion for leave to file under seal three exhibits in support of his opposition to the motion for summary judgment.

    Pursuant to the Confidentiality Agreement entered into by the Parties, Plaintiff requests leave to seal the following exhibits attached to the Declaration of Siobhan Klassen, which contain documents from Defendants' document production that Defendants marked confidential:

- Exhibit F - Regulatory Report Transformation Program (D002541);
- Exhibit G – Japanese language email and native metadata English translation (D003274-3276)
- Exhibit J – Email chain dated February 10, 2021 (D003371-3373)

    Accordingly, Plaintiff respectfully asks the Court to grant this letter motion to seal the above listed exhibits. No previous request for such relief has been made.

    Plaintiff thanks the Court for its attention to this matter.

                                     Respectfully submitted,

                                     GODDARD LAW PLLC
                                   *Attorneys for Plaintiff*

                                   */s/ Siobhan Klassen*
                                   Siobhan Klassen

Pursuant to Rule 4(B)(2) of the Court's Individual Rules, a motion to seal "must explain the particular reasons for seeking to file that information under seal." In general, the parties' consent or the fact fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14 Md. 2543, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015). Plaintiff is, therefore, directed to file to the docket, no later than Tuesday, April 1, 2025, a letter that complies with the Court's Individual Rules by setting out its reason(s) for requesting to file Exhibits F, G, and J under seal. Any opposition is to be filed by Friday, April 4, 2025. No replies are invited.

SO ORDERED.

                PAUL A. ENGELMAYER
                United States District Judge

Date: March 28, 2025