# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 | New York, NY 10006

Office. 646.964.1178

Fax. 212.208.2914

Siobhan@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

March 31, 2025

**VIA ECF**
Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1305
New York, New York 10007

   Re: *David Kurtanidze v. Mizuho Bank, Ltd. et al.*, Case No. 23-cv-8716 (PAE)
      **Amended Motion to Seal Exhibits in Support of Opposition to Summary Judgment**

Dear Judge Engelmayer:

  This firm represents Plaintiff David Kurtanidze ("Plaintiff"), in the above-referenced action. Pursuant to Rule 4(B)(2) of Your Honor's Individual Practices in Civil Cases and the Court's Order dated March 28, 2025 [ECF Doc No. 124], Plaintiff submits this amended letter motion for leave to file under seal three exhibits in support of his opposition to the motion for summary judgment.

  Pursuant to the Confidentiality Agreement entered into by the Parties, Plaintiff requests leave to seal the following exhibits attached to the Declaration of Sioban Klassen, which contain documents from Defendants' document production that Defendants marked confidential:

- Exhibit F - Regulatory Report Transformation Program (D002541);
- Exhibit G – Japanese language email and native metadata English translation (D003274-3276)
- Exhibit J – Email chain dated February 10, 2021 (D003371-3373)

  Sealing the foregoing exhibits is appropriate because the materials contain sensitive information concerning Defendants' business operations and internal company emails.

  Courts consider each application for a sealing order on its own facts and circumstances and

Hon. Paul A. Engelmayer
March 31, 2025
Page 2

generally weigh the public's interest in access against the interest in confidentiality. *See Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990) ("the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case"). When determining whether a motion to seal a document should be granted, courts consider: (1) whether the document qualifies as a "judicial document" subject to a presumption of public access under both the common law and the First Amendment; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors outweigh the right of public access to that judicial document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006); *see also Hernandez*, 2021 WL 1226499, at *12 ("*Lugosch* instructs this Court to determine whether the documents at issue have a presumption of public access, consider the weight of that access, then balance competing considerations.").

As to the first factor, documents filed in connection with a summary judgment motion are indeed considered to be "judicial documents" because they directly affect an adjudication. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004).

As to the second factor, courts may consider whether the subject matter of the document is "traditionally considered private." *See Hernandez*, 2021 WL 1226499, at *12 (citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). In *Amodeo*, the Second Circuit noted:

In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.

The third factor is applicable because examples of "countervailing factors" include legal privilege, business secrecy, the privacy interests of those resisting disclosure, and the danger of impairing law enforcement or judicial efficiency. *See Sec. & Exch. Comm*, 2020 WL 3264264, at *1; *Lugosch*, 435 F.3d at 120-25; *Amodeo*, 71 F.3d at 1050-51.

Accordingly, Plaintiff respectfully asks the Court to grant this letter motion to seal the above listed exhibits. No previous request for such relief has been made.

Plaintiff thanks the Court for its attention to this matter.

Respectfully submitted,

GODDARD LAW PLLC

*Attorneys for Plaintiff*

*/s/ Siobhan Klassen*
Siobhan Klassen