UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID KURTANIDZE,

                               Plaintiff,

              -v-

MIZUHO BANK, LTD.,

                               Defendant.

23 Civ. 8716 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On March 27, 2025, plaintiff David Kurtanidze filed a motion to seal three exhibits annexed to his memorandum of law in opposition to summary judgment. Dkt. 119. On March 28, 2025, the Court directed plaintiff to file a letter by April 1, 2025 that, consistent with the Court's Individual Rule 4(B)(2), "explain[s] the particular reasons for seeking to file that information under seal." Dkt. 124. The Court invited defendant Mizuho Bank, Ltd. ("Mizuho") to file a response, to the extent the motion was opposed, by April 4, 2025. *See id.* No opposition was filed.

On March 31, 2025, Kurtanidze filed the renewed letter-motion. Dkt. 126. In it, Kurtanidze argues that sealing Exhibits F, G, and H—exhibits marked as "confidential" pursuant to an agreement entered into by the parties—is appropriate because "the materials contain sensitive information concerning Defendants' business operations and internal company emails." *Id.* at 1. Exhibit F is described as a "Regulatory Report Transformation Program"; Exhibit G a "Japanese language email and native metadata English translation"; and Exhibit J an "[e]mail chain dated February 10, 2021." *Id.*

Documents may be sealed if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citing *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "Broad and general findings by the trial court, however, are not sufficient to justify closure." *Id.* In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.*, No. 14 Md. 2543, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

In arguing that Exhibits F, G, and H should be sealed in their entirety, Kurtanidze argues in generalized terms that the material contains sensitive information about internal business operations, but he does not make a "document-level argument or justification for sealing," as required. *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 19 Civ. 9193, 2024 WL 5076424, at *2 (S.D.N.Y. Dec. 11, 2024) (denying in substantial part motion to seal "sensitive business documents" for "failure to provide document-level justifications for sealing," and granting only with respect to personally identifiable information). And a review of the exhibits at issue—which involve correspondence over quotidian matters such as scheduling, transportation arrangements, and hiring preferences—does not reveal a basis for sealing such documents that would overcome the presumption in favor of public access. The Court thus cannot make "specific, on-the-record findings" that would support a "narrowly tailored sealing." *Lugosch*, 435 F.3d at 126.

The principal case Kurtanidze relies on, *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995), is inapposite. Although the *Amodeo* Court observed that "[f]inancial records of a

2

*wholly owned business* . . . will weigh more heavily against access than conduct affecting a substantial portion of the public," *id.* at 1051 (emphasis added), the Court contrasted such cases with those where, as here, the conduct of a "publicly owned company" is at issue such that, for example, "management's relationship to the public shareholders weigh[s] in favor of unsealing." *Id.* (citing *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) (unsealing internal record of publicly owned company)).

The Court thus denies the motion to seal, without prejudice to Kurtanidze's right to request more specific redactions from the three exhibits at issue. The Clerk of Court is respectfully directed to terminate the motions pending at Dockets 119 and 126.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: April 9, 2025
       New York, New York

3